1  T. Kennedy Helm, IV (SBN 282319)
   HELM LAW OFFICE, PC
2  644 40th Street, Suite 305
   Oakland, California 94609
3  T: (510) 350-7517
   F: (510) 350-7359
4  email: kennedy@helmlawoffice.com
5
   Sanjay S. Schmidt (SBN 247475)
6  LAW OFFICE OF SANJAY S. SCHMIDT
   1388 Sutter Street, Suite 810
7  San Francisco, CA 94109
   T: (415) 563-8583
8  F: (415) 223-9717
   email: ss@sanjayschmidtlaw.com
9

10  *Attorneys for Plaintiff*

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13  MOHAMED ABDULA YAHYA,                ) Case No.:
    individually,                       )
14                                       )
                                         ) **COMPLAINT FOR DAMAGES AND**
15          Plaintiff,                   ) **DEMAND FOR JURY TRIAL**
                                         )
16      vs.                              )
                                         )
17  CITY OF HAYWARD, a public entity;    )
    Hayward Police Officers MATTHEW P.   )
18  BRAGG, ALEXANDER H. ROBINSON;        )
    and DOES 1–30, jointly and severally; )
19                                       )
                                         )
20          Defendants.                  )
                                         )
21                                       )
                                         )
22                                       )
    _____ )
23

24

25

26

27

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

Plaintiff, by and through his attorneys, HELM LAW OFFICE, PC and LAW OFFICE OF SANJAY S. SCHMIDT, for his Complaint against Defendants, states as follows:

### INTRODUCTION

1. This is a 42 U.S.C. § 1983 civil-rights action arising from Defendants' unreasonable seizure of, use of excessive force against, and malicious prosecution of Plaintiff MOHAMED ABDULA YAHYA ("YAHYA") on December 2, 2023, at about 12:20 a.m., in front of the Palace Poker Casino at 22821 Mission Boulevard in the City of Hayward, County of Alameda, California.

2. Plaintiff YAHYA was unarmed and did not threaten anyone. In an attempt to "detain" him to investigate a verbal argument that had occurred at the Casino, Defendant ROBINSON, with the assistance of Defendant BRAGG, performed a take-down on Plaintiff YAHYA, slamming him face first onto a concrete sidewalk, causing profuse bleeding and facial fractures, as this emergency-department photo shows:



### JURISDICTION

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because this action is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First,

Complaint for Damages and Demand for Jury Trial                    1
*Yahya v. City of Hayward, et al.*
Case No.

Fourth, and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.

4.   Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

5.   A substantial part of the events and/or omissions complained of herein occurred in the City of Hayward, County of Alameda, California, and, pursuant to Northern District Civil Local Rule 3-2(d), this action is properly assigned to the San Francisco Division or Oakland Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

6.   Plaintiff MOHAMED ABDULA YAHYA was at all relevant times a resident of the State of California.

7.   Defendant CITY OF HAYWARD ("CITY") is a public entity, established by the laws and Constitution of the State of California, which owns, operates, manages, directs, and controls the Hayward Police Department ("HPD"), and is the employer of the individual CITY Defendants, as well as certain DOE Defendants. Pursuant to California Government Code § 815.2, the CITY is vicariously liable for the state-law torts of its employees and agents, including the individual Defendants herein.

8.   Defendant MATTHEW P. BRAGG ("BRAGG") at all material times was employed as a law-enforcement officer by Defendant CITY's HPD and was acting in the course and scope of that employment at all material times.

9.   Defendant ALEXANDER H. ROBINSON ("ROBINSON") at all material times was employed as a law-enforcement officer by Defendant CITY's HPD and was acting in the course and scope of that employment at all material times.

10.  The true names and capacities of Defendants sued herein as DOES 1–30 ("DOE Defendants") are unknown to Plaintiff YAHYA, who therefore sues said Defendants by such fictitious names. Plaintiff YAHYA will seek leave to amend this Complaint to show their true

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

2

names and capacities when the same are ascertained. DOE Defendants 1–30 were and/or are to-be-identified employees/agents of the CITY and/or the HPD, and at all material times acted within the course and scope of that employment.

11. Plaintiff YAHYA is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff YAHYA.

12. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

13. Plaintiff YAHYA is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

14. Plaintiff YAHYA is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged.

15. At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant in the events and violations of rights described herein, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

16. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of the CITY and/or the HPD.

17. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

18. On February 24, 2024, Plaintiff YAHYA timely and properly filed a government-code claim, pursuant to California Government Code § 910 et seq., with the CITY. On April 9, 2024, a criminal case was filed against Plaintiff YAHYA arising out of this incident. The filing of the

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

3

criminal case tolled the 6-month period under California Government Code § 945.6. The CITY served its rejection on April 17, 2024. On July 2, 2025, the criminal case was dismissed in the interests of justice. This action, therefore, is timely filed within all applicable statutes of limitation.

19. This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

**GENERAL ALLEGATIONS**

20. Plaintiff YAHYA realleges each and every paragraph in this Complaint, as though fully set forth here.

21. Just after 12:00 a.m. on December 2, 2023, Plaintiff YAHYA was involved in a verbal disagreement while playing cards at the Palace Poker Casino. Plaintiff YAHYA got up from the gaming table and walked outside. Plaintiff YAHYA and a Palace security guard named Rob had a further verbal disagreement outside. Palace employee Craig Ogasawara came outside, called 911, reported that there was a verbal disagreement going on, and told the dispatcher that Plaintiff YAHYA was unarmed. At no point did Plaintiff YAHYA ever threaten physical harm to anyone.

22. At about 12:19 a.m., Defendant ROBINSON pulled his patrol vehicle up and parked in front of the Palace, and started to speak to Plaintiff YAHYA. Defendant BRAGG parked his vehicle, and spoke with a security guard, who told him that Plaintiff YAHYA had just been yelling and calling the security guard names.

23. At about 12:21 a.m., without telling Plaintiff YAHYA in an audible voice that they were detaining him—or indeed, telling him at all what they were doing—Defendant ROBINSON and Defendant BRAGG each grabbed one of Plaintiff YAHYA's arms. Seconds later, Defendant ROBINSON used a modified hip-toss takedown, with the help of Defendant BRAGG, and slammed Plaintiff YAHYA face-first onto the cement, lodging his head under the metal security fence of a next-door business. A puddle of blood formed on the concrete as Plaintiff YAHYA screamed in pain.

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.                                                                                                 4

24. At all times before (and after) the takedown, Defendants ROBINSON and BRAGG could see that Plaintiff YAHYA was unarmed and had never taken a fighting stance or done anything a reasonable officer would have interpreted as threatening.

25. Defendants ROBINSON and BRAGG handcuffed Plaintiff YAHYA and took his cell phone from him. Two other HPD Officers transported Plaintiff YAHYA to St. Rose Hospital. From there, Plaintiff YAHYA was sent by ambulance to Highland Hospital for an Oral and Maxillofacial Surgery consultation. A CT scan had found facial fractures, including but not limited to: a left tripod fracture, with additional fractures involving the medial wall of the left maxillary sinus and left zygomatic arch.

26. Despite the lack of probable cause to do so, Defendant BRAGG gave Plaintiff YAHYA a citation for allegedly having committed two misdemeanors: California Penal Code § 148(a)(1) (resisting, delaying, obstructing) and California Penal Code § 647(f) (drunk in public). On information and belief, Defendants BRAGG and ROBINSON withheld exculpatory information relating to Plaintiff YAHYA's lawful conduct during his seizure and, with malice, they caused to be brought false and fabricated charges against Plaintiff SOTO, including under California Penal Code § 148(a)(1), both to avoid the consequences of Defendants BRAGG's and ROBINSON's unlawful seizure and uses of force against Plaintiff YAHYA, and to prevent and/or obstruct Plaintiff YAHYA from later petitioning the government through the courts for redress of violations of his Constitutional rights.

27. Four days later, on December 6, 2023, Plaintiff YAHYA underwent surgery for his facial fractures; he was intubated, and a metal plate and screws were inserted into his face.

28. Plaintiff YAHYA has required follow-up care, and he may require further surgery.

29. On April 9, 2024, the Alameda County District Attorney filed 24-CR-003751, *People v. Mohamed Abdula Yahya*, a three-count criminal complaint against Plaintiff YAHYA, alleging that he had committed: (1) a misdemeanor violation of California Penal Code § 148(a)(1) (resisting, delaying, obstructing) as to Defendant BRAGG; (2) a misdemeanor violation of California Penal Code § 148(a)(1) (resisting, delaying, obstructing) as to Defendant ROBINSON; (3) a

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

5

misdemeanor violation of California Penal Code § 415 (disturbing the peace); and (4) a misdemeanor violation of California Penal Code § 647(f) (public intoxication).

30. Plaintiff YAHYA had to hire a criminal defense attorney at significant cost to him.

31. Over a year later, on July 2, 2025, the criminal case, 24-CR-003751, *People v. Mohamed Abdula Yahya* was dismissed, in the interests of justice, on oral motion of the People, pursuant to California Penal Code § 1385. On information and belief, this withdrawal of the criminal charges was not done on the basis of a compromise among the parties, but in furtherance of justice because the criminal charges were understood to lack merit and/or would result in a decision in favor of Plaintiff YAHYA.

32. At all times during Plaintiff YAHYA's contact with Defendants, Plaintiff YAHYA behaved peacefully and lawfully. Plaintiff YAHYA never possessed nor displayed any weapon, nor did he ever threaten anyone in any way. There was never any need, nor any legitimate governmental purpose, for Defendants BRAGG and ROBINSON to use any force against Plaintiff YAHYA.

33. Defendants' uses of force against Plaintiff YAHYA were unjustified and objectively unreasonable under the circumstances.

34. At all material times, Defendants' seizure of Plaintiff YAHYA was done without probable cause, reasonable suspicion, or other legal right; lasted an excessive amount of time; and was conducted unreasonably.

35. Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants BRAGG and ROBINSON decided to unlawfully seize and use force against Plaintiff YAHYA, and caused an escalation of events leading to the unlawful seizure and use of force against, and injury to, Plaintiff YAHYA.

36. Defendants BRAGG, ROBINSON, and/or DOES 1–30 caused Plaintiff YAHYA to be prosecuted, with malice and without probable cause, in violation of his Fourth Amendment rights, and, on information and belief, Defendants did so for the purpose of retaliating against Plaintiff YAHYA for exercising his rights; to deny Plaintiff YAHYA equal protection of law under the

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

6

Fourteenth Amendment; to deny Plaintiff YAHYA's rights under the First Amendment to speech, expression, and to petition the government through the courts for redress of civil-rights violations; and for the purpose of unlawfully and unnecessarily prolonging custody of Plaintiff YAHYA in violation of Plaintiff YAHYA's rights protected by the Fourth Amendment.

37. Defendants acted with malice in initiating and pursuing the criminal action which, on information and belief, was induced by Defendants' fraud, perjury, fabricated evidence, and/or other wrongful conduct undertaken in bad faith. Defendants knowingly provided misinformation to the prosecutor; concealed exculpatory evidence; and/or otherwise engaged in wrongful or bad-faith conduct that was actively instrumental in causing the initiation and continuation of the legal proceedings against Plaintiff YAHYA. On information and belief, Defendants BRAGG, ROBINSON, and DOES 1–30 fabricated and/or mischaracterized, in both police reports and in information provided to the prosecutors, Plaintiff YAHYA's conduct before and during his arrest, and such fabrications and/or mischaracterizations served a material role in Plaintiff YAHYA's otherwise baseless prosecution.

38. No reasonable officer having the facts and information available to Defendants would have believed that the criminal charges against Plaintiff YAHYA were legally tenable. Defendants BRAGG, ROBINSON, and DOES 1–30 continued their investigation of Plaintiff YAHYA, and caused the criminal charges to be pursued against Plaintiff YAHYA, even though they knew, or should have known, that Plaintiff YAHYA was innocent. Criminal proceedings were initiated against Plaintiff YAHYA on the basis of Defendants' intentional and knowingly false accusations and other malicious conduct as described above.

39. Defendants either knew they were violating, or were deliberately indifferent to the violation of, Plaintiff YAHYA's rights.

40. Defendants BRAGG, ROBINSON, and DOES 1–30 each failed to intervene to stop, to protect Plaintiff YAHYA, and to report the unlawful uses of force, unlawful seizure, and malicious prosecution committed by other Defendants and officers, when they had the opportunity, and the duty, to do so.

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

7

41. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience-shocking, reckless, malicious, deliberately indifferent to Plaintiff YAHYA's rights, done with actual malice, recklessness, gross negligence, deliberate indifference, negligence, and/or were otherwise objectively unreasonable.

42. As a direct and proximate result of each Defendant's acts and/or omissions, as set forth above, Plaintiff YAHYA sustained the following injuries and damages, past and future, including, but not limited to:

    a. Significant physical injuries, including but not limited to: facial fractures requiring surgery and follow-up medical treatment;

    b. Lost wages and income, past and future;

    c. Malicious prosecution including economic losses and costs of criminal defense;

    d. Wrongful seizure;

    e. Pain and suffering;

    f. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty (Plaintiff YAHYA does not seek so-called "heightened" emotional-distress damages);

    g. Medical expenses, past and future;

    h. Violations of—and deprivations of—state and federal constitutional rights;

    i. All other legally cognizable special and general damages; and

    j. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

43. The conduct of Defendants BRAGG and ROBINSON was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Plaintiff YAHYA, and the public. Plaintiff YAHYA is, therefore, entitled to an award of punitive damages against Defendants BRAGG and ROBINSON.

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.
8

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (42 U.S.C. § 1983)

## PLAINTIFF AGAINST DEFENDANTS BRAGG, ROBINSON, and DOES 1–30

44. Plaintiff YAHYA re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

45. By the actions and omissions described above—including Defendants' unlawful and provocative tactics, and unnecessary, unreasonable, and unlawful collective uses of force that were conscience-shocking—Defendants BRAGG and ROBINSON and DOES 1–30 deprived Plaintiff YAHYA of the following clearly established and well-settled constitutional rights:

    a. The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment to the U.S. Constitution;

    b. The right to be free from excessive and unreasonable force in the course of an arrest or detention as secured by the Fourth Amendment of the U.S. Constitution; and

    c. The right to be free from malicious prosecution as secured by the Fourth and/or Fourteenth Amendments, and the right to be free from malicious prosecution done for the purpose of depriving Plaintiff YAHYA of the right to petition the government through the courts for redress of civil-rights violations, and/or for the purpose of depriving Plaintiff YAHYA of the right to freedom of speech and expression, and/or for the purpose of depriving Plaintiff YAHYA of the right to equal protection of law, as secured by the First and Fourteenth Amendments.

46. Both Defendants BRAGG and ROBINSON acted as integral participants in the "take down" of Plaintiff YAHYA.

47. The failure of Defendants BRAGG and ROBINSON to intervene, prevent, or stop the constitutional violations by either of them, when they were in a position to so intervene when such violations were occurring, also renders them liable for these violations.

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

9

48. Defendants subjected Plaintiff YAHYA to their wrongful conduct, depriving Plaintiff YAHYA of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff YAHYA would be violated by their acts and/or omissions.

49. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages, as set forth above, at ¶ 42.

### SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983 Municipal Liability)

### PLAINTIFF AGAINST DEFENDANT CITY

50. Plaintiff YAHYA re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

51. The unconstitutional actions and/or omissions of Defendants BRAGG, ROBINSON, and DOES 1–30, and others employed by or acting on behalf of Defendant CITY, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the CITY and HPD; stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officials for Defendant CITY:

    a.    To tolerate the use of unlawful force capable of causing serious bodily injury, including permitting and/or training officers: (i) to use force capable of causing serious bodily injury when faced with less than an imminent threat of serious bodily injury; (ii) to use force capable of causing serious bodily injury prematurely, or as a "first resort;" or, (iii) to use force capable of causing serious bodily injury without giving a proper warning when one would be feasible;

    b.    To tolerate or perpetuate the policy of "hurt a person—charge a person," pursuant to which if an officer wrongly hurts, detains, searches, or arrests a person, the officer will falsely arrest the person and/or seek to secure the filing and prosecution of criminal charges against the person, such as a

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

10

charge for a claimed violation of California Penal Code § 148(a)(1); the officer arrests the person for a claimed violation of California Penal Code § 148(a)(1) and/or seeks the filing and prosecution of such charges (and/or other charges) with the belief that an arrest or conviction will prevent the person from suing for their injuries wrongfully inflicted by the officer. Tolerating or condoning "hurt a person—arrest a person," and/or "hurt a person—charge a person" encourages officers to use excessive force and/or to falsely arrest persons;

c.    To engage in or tolerate unlawful arrest and malicious prosecution, including but not limited to false charges for violation of California Penal Code § 148(a)(1), as well as to engage in or tolerate the mischaracterization of evidence of crimes and failing to disclose exculpatory evidence for the purpose of covering up, and avoiding accountability for, civil-rights violations;

d.    After-the-incident ratifying or acquiescing in the excessive use of force capable of causing serious bodily injury in which the HPD's internal-affairs process always exonerates the officers, making the specific finding that force occurred, but that the force was either permitted by the HPD, or was not prohibited by the HPD, and/or was appropriate under the circumstances;

e.    Covering up violations of constitutional rights by any or all of the following:

   i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force and unlawful searches and seizures;

   ii.   by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful law-enforcement conduct; and

   iii.  by allowing, tolerating, and/or encouraging law-enforcement officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias, and/or "coach" witnesses to give

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

11

false information, and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct, by withholding and/or concealing material information;

f.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and HPD personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

g.   To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 *et seq.*; and

h.   To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or to correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of Plaintiff YAHYA, and the public, in the face of an obvious need for such policies, procedures, and training programs.

52. In the alternative, upon information and belief, Defendant CITY may have instituted policies or training addressing some or all of the topics listed above, but has, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

53. Defendants CITY failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants BRAGG, ROBINSON, and DOES 1–30, and other HPD personnel, with deliberate indifference to Plaintiff YAHYA' constitutional rights, which were thereby violated, as described above.

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

12

Case 4:25-cv-07850-KAW   Document 1   Filed 09/15/25   Page 14 of 24

54. The unconstitutional actions and/or omissions of Defendants BRAGG, ROBINSON, and DOES 1–30, as described above, were approved, tolerated and/or ratified by supervisorial and policy-making officers for the HPD.

55. Plaintiff YAHYA is informed and believe, and thereupon alleges, that the details of this incident have been revealed to policy-makers within the HPD, and that such policy makers have direct and actual knowledge of the fact that this use of force capable of causing serious bodily injury was not justified, but constituted an unconstitutional display of unreasonable and excessive force. Notwithstanding this knowledge, such HPD policy makers have approved of the conduct by Defendants BRAGG, ROBINSON, and DOES 1–30, and they have made a deliberate choice to endorse Defendants' unconstitutional conduct. By so doing, the authorized policy makers within Defendant CITY have shown affirmative agreement with the actions of Defendants BRAGG, ROBINSON, and DOES 1–30, and they have ratified the unconstitutional acts of Defendants BRAGG, ROBINSON, and DOES 1–30.

56. The prior acts and omissions of Defendant CITY were also a proximate cause of, and a moving force behind, the violations of Plaintiff YAHYA's rights by Defendants BRAGG, ROBINSON, and DOES 1–30, for the following reasons:

    a. Policy makers for the CITY were responsible for creating, approving, and enforcing the unconstitutional customs and policies described in ¶¶ 51(a)–(h), above, which were a proximate cause and moving force of the violation of Plaintiff YAHYA' rights by Defendants BRAGG, ROBINSON, and DOES 1–30, which caused damages;

    b. Defendant CITY was responsible for properly hiring, training, instructing, monitoring, supervising, evaluating, investigating, and disciplining Defendants BRAGG, ROBINSON, and DOES 1–30, but due to their deliberate indifference to the substantial risk of harm to the public, including people situated like Plaintiff YAHYA, Defendant CITY failed to reasonably, adequately, and appropriately hire,

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

13

train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants BRAGG, ROBINSON, and DOES 1–30; and

c.  Defendant CITY ratified the decisions and conduct of Defendants BRAGG, ROBINSON, and DOES 1–30 in this matter as described above, after being fully informed of such and the basis for the decisions and conduct, and after viewing the videos of the incident, thereby affirming the choices, unconstitutional decisions, and the bases for those unconstitutional decisions, by Defendants BRAGG, ROBINSON, and DOES 1–30.

57. Moreover, on information and belief, Defendant CITY, before December 2, 2023, was aware of other HPD officers' conduct, pursuant to Defendant CITY's customs, policies, and practices of permitting and/or acquiescing in the commission of acts of excessive/unconstitutional force by its police officers. On information and belief, instances of excessive force have precipitated internal-affairs investigations, resulting in the exoneration of officers who used excessive force, even if the use of force resulted in serious bodily injury.

58. Defendant CITY was, on information and belief, on notice regarding the need to discontinue, modify and/or implement new and different versions of policies, customs, or practices regarding the use of excessive force by Defendant CITY's police officers because the inadequacies were so obvious and likely to result in the violation of persons' rights. Nevertheless, Defendant CITY's internal-affairs departments, on information and belief, exonerated all of the involved officers. By exoneration, Defendant CITY specifically found that the force occurred, but that the force was either permitted by policy, or was not prohibited by policy, and/or was appropriate under the circumstances.

59.  The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants BRAGG, ROBINSON, and DOES 1–30, were a moving force and/or a

Complaint for Damages and Demand for Jury Trial                    14
*Yahya v. City of Hayward, et al.*
Case No.

proximate cause of the deprivations of Plaintiff YAHYA's clearly established and well-settled constitutional rights, as more fully set forth above.

60. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendant CITY, as described above, Plaintiff YAHYA suffered serious and permanent injuries, and is entitled to damages, penalties, costs, and attorney's fees, as set forth above, in ¶ 42.

<strong>THIRD CAUSE OF ACTION</strong>

<strong>(42 U.S.C. § 1983 Supervisory Liability)</strong>

<strong><u>PLAINTIFF AGAINST DEFENDANTS DOES 1–30</u></strong>

61. Plaintiff YAHYA re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

62. At all material times, Defendants DOES 1–30 had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the other Defendants employed by the HPD.

63. Defendants DOES 1–30 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the employees of the HPD, including Defendants BRAGG, ROBINSON, and DOES 1–30, with deliberate indifference to Plaintiff YAHYA's and others' constitutional rights, which were thereby violated as described above.

64. As supervisors, DOES 1–30 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of Plaintiff YAHYA. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Plaintiff YAHYA's rights; OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff YAHYA of his rights; OR knew his or her subordinates were engaging in acts likely to deprive Plaintiff YAHYA of rights and failed to act to prevent his or her subordinate from engaging in such conduct; OR disregarded the consequence of a known or obvious training deficiency that he

Complaint for Damages and Demand for Jury Trial                                                          15
*Yahya v. City of Hayward, et al.*
Case No.

or she must have known would cause subordinates to violate Plaintiff YAHYA's rights, and in fact did cause the violation of Plaintiff YAHYA's rights. Furthermore, each of these supervising Defendants is liable in his or her own failure to intervene in their subordinates' apparent violations of Plaintiff YAHYA's rights.

65. The unconstitutional customs, policies, practices, and/or procedures of Defendant CITY, stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendant CITY and the HPD, including Defendants DOES 1–30, with deliberate indifference to Plaintiff YAHYA's and others' constitutional rights, which were thereby violated as described above.

66. Defendants subjected Plaintiff YAHYA to their wrongful conduct, depriving Plaintiff YAHYA of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff YAHYA, and others, would be violated by their acts and/or omissions.

67. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants DOES 1–30, as described above, Plaintiff YAHYA sustained serious injuries and is entitled to damages, penalties, costs, and attorneys' fees as set forth above, at ¶ 42.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)

### PLAINTIFF AGAINST DEFENDANTS BRAGG, ROBINSON, and DOES 1–30

68. Plaintiff YAHYA re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

69. By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy, as described above, interfered with, and/or attempted to interfere with, and violated Plaintiff YAHYA's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

Complaint for Damages and Demand for Jury Trial                                                                16
*Yahya v. City of Hayward, et al.*
Case No.

a. Plaintiff YAHYA's right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

b. Plaintiff YAHYA's right to be free from excessive and unreasonable force, including force capable of causing serious bodily injury, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

c. Plaintiff YAHYA's right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by Article 1, § 1 of the California Constitution;

d. Plaintiff YAHYA's right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43;

e. Plaintiff YAHYA's right to be free from malicious prosecution as secured by the Fourth and/or Fourteenth Amendments, and the right to be free from malicious prosecution done for the purpose of depriving Plaintiff YAHYA of the right to petition the government through the courts for redress of civil-rights violations; and/or for the purpose of depriving Plaintiff YAHYA of the right to freedom of speech and expression; and/or for the purpose of depriving Plaintiff YAHYA of the right to equal protection of law, as secured by the First and Fourteenth Amendments; and

f. Plaintiff YAHYA's right to be free from retaliation and denial of equal protection for exercise of rights, speech, and expression, and to petition the government and the courts for redress of civil-rights violations as secured by the First and Fourteenth Amendments.

Complaint for Damages and Demand for Jury Trial                                          17
*Yahya v. City of Hayward, et al.*
Case No.

70. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff YAHYA's rights, Defendants violated Plaintiff YAHYA's rights by the following conduct constituting threats, intimidation, or coercion:

    a. Detaining Plaintiff YAHYA without reasonable suspicion;

    b. Arresting Plaintiff YAHYA without probable cause;

    c. Using deliberately reckless and provocative tactics during their contact with Plaintiff YAHYA in violation of generally accepted law-enforcement training and standards, and in violation of Plaintiff YAHYA's rights;

    d. Causing Plaintiff YAHYA to be violently taken down face-first onto concrete by two officers, without warning and without justification, causing serious bodily injury including facial fractures requiring surgery to install hardware in his face;

    e. Violating Plaintiff YAHYA's rights to be free from unlawful seizures by excessive force.

    f. Handcuffing Plaintiff YAHYA while he was injured and in pain, in the absence of any indication that he posed an immediate threat to anyone's safety;

    g. Continuing Plaintiff YAHYA's detention, arrest, and custody after any arguable reasonable suspicion and/or probable cause that Defendants may have erroneously believed existed to justify arresting Plaintiff YAHYA had dissipated, such that the Defendants' conduct became intentionally coercive and wrongful;

    h. Providing false information to the HPD and to prosecutors about Plaintiff YAHYA's conduct and Defendants' conduct in this matter, to falsely inculpate Plaintiff YAHYA and to cover up Defendants' misconduct;

    i. Wrongfully causing charges to be filed against Plaintiff YAHYA, including for violation of California Penal Code § 148(a)(1), where the charges were

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

18

based on false information, Defendants' failure to disclose exculpatory evidence, and or/other bad-faith conduct by Defendants; and

j.   Causing Plaintiff YAHYA to be maliciously prosecuted for the additional purpose of chilling and/or preventing Plaintiff YAHYA's exercise of right to petition the government concerning his violation of rights, to freedom of speech and freedom of conscience.

71. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was not necessary or inherent to Defendants' violation of Plaintiff YAHYA's rights, or to any legitimate law enforcement activity.

72. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

73. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff YAHYA's rights under the United States and California Constitutions and law, Plaintiff YAHYA sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, at ¶ 42, and to punitive damages against Defendants BRAGG, ROBINSON, and DOES 1–30 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties.

74. Defendant CITY is vicariously liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

## FIFTH CAUSE OF ACTION

### (NEGLIGENCE)

### PLAINTIFF AGAINST DEFENDANTS ROBINSON, BRAGG, AND DOES 1–30

75. Plaintiff YAHYA re-alleges and incorporate by reference each and every allegation contained in  the paragraphs above, as though fully set forth herein.

Complaint for Damages and Demand for Jury Trial                                    19
*Yahya v. City of Hayward, et al.*
Case No.

76. At all material times, each Defendant owed Plaintiff YAHYA the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

77. At all material times, each Defendant owed Plaintiff YAHYA the duty to act with reasonable care.

78. These general duties of reasonable care and due care owed to Plaintiff YAHYA by Defendants ROBINSON, BRAGG, and DOES 1–30 include, but are not limited to, the following specific obligations:

      a.      To refrain from using or tolerating the use of excessive and/or unreasonable force against Plaintiff YAHYA;

      b.      To refrain from wrongfully detaining and/or arresting Plaintiff YAHYA, or to tolerate such conduct by others;

      c.      To refrain from tactics and conduct that led to the otherwise unnecessary seizure of and use of force against Plaintiff YAHYA;

      d.      To refrain from abusing their authority granted them by law;

      e.      To refrain from violating Plaintiff YAHYA's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

79. Additionally, these general duties of reasonable care and due care owed to Plaintiff YAHYA by CITY and HPD Supervisory Defendants DOES 1–30 include, but are not limited to, the following specific obligations:

      a.      To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law-enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

      b.      To make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including the rights of Plaintiff YAHYA; and,

Complaint for Damages and Demand for Jury Trial      20
*Yahya v. City of Hayward, et al.*
Case No.

c.    To refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth at ¶¶ 51(a)–(h), above.

80. Defendants, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiff YAHYA.

81. Defendant CITY is vicariously liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

82. As a direct and proximate result of the Defendants' negligence, Plaintiff YAHYA sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 42, and to punitive damages against Defendants. No punitive damages are sought against Defendant CITY directly.

**SIXTH CAUSE OF ACTION**

**(ASSAULT AND BATTERY)**

**<u>PLAINTIFF AGAINST DEFENDANTS ROBINSON, BRAGG, AND DOES 1–30</u>**

83. Plaintiff YAHYA re-alleges and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

84. The actions and omissions of Defendants ROBINSON, BRAGG, and DOES 1–30, as set forth above, constitute assault and battery.

85. Defendant CITY is vicariously liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

86. As a direct and proximate result of Defendants' assault and battery, Plaintiff YAHYA sustained injuries and damages, and is entitled to relief as set forth above, in ¶ 42, and to punitive damages against the individual Defendants. No punitive damages are sought against Defendant CITY directly.

//

//

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

21

## SEVENTH CAUSE OF ACTION

## (FALSE ARREST AND IMPRISONMENT)

## <u>PLAINTIFF AGAINST DEFENDANTS ROBINSON, BRAGG, AND DOES 1–30</u>

87.    Plaintiff YAHYA realleges each and every paragraph in this complaint as if fully set forth here.

88.    At no time during the events described above, and at all other pertinent times, did Defendants ROBINSON, BRAGG, or DOES 1–30 have a warrant for the arrest of Plaintiff YAHYA, nor did Defendants have any facts or information that constituted probable cause that Plaintiff YAHYA had committed or was about to commit a crime.  Defendants also lacked reasonable suspicion to detain Plaintiff YAHYA at any time, and Defendants were not engaged in any lawful investigative detention of Plaintiff YAHYA.

89.    Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff YAHYA, putting restraint on Plaintiff YAHYA's freedom of movement, and compelled Plaintiff YAHYA to remain and/or move against his will. Defendants authorized, directed, and assisted in procuring, without process, Plaintiff YAHYA's unlawful arrest and imprisonment.

90.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff YAHYA sustained injuries and damages and is entitled to relief as set forth at ¶ 42.

91. Defendant CITY is vicariously liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

a.    Compensatory damages in an amount according to proof and which is fair, just, and reasonable;

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

22

b.    Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant CITY);

c.    Attorneys' fees and costs of suit under 42 U.S.C. § 1988;

d.    Attorneys' fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1(h);

e.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Code of Civil Procedure § 1021.5, California Civil Code §§ 52 et seq. and 52.1, and as otherwise may be allowed by California and/or federal law;

f.    For such other and further relief, according to proof, as this Court may deem appropriate, just, or proper.

## JURY TRIAL DEMAND

Plaintiff YAHYA hereby respectfully demands a jury trial, pursuant to Federal Rule of Civil Procedure 38, for all claims for which a jury is permitted.

Dated: September 15, 2025

**HELM LAW OFFICE, PC**
**LAW OFFICES OF SANJAY SCHMIDT**


_____
T. KENNEDY HELM, IV
Attorneys for Plaintiff

Complaint for Damages and Demand for Jury Trial
*Yahya v. City of Hayward, et al.*
Case No.

23